# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ISSAIAH HAYES** | : | **DOCKET NO. 18-cv-1558** |
| **REG. # 11330-027** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN MEYERS** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Issaiah Hayes, who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

## I.
### BACKGROUND

Following a jury trial, Hayes was convicted in the United States District Court for the Northern District of Illinois of one count of conspiracy to distribute a controlled substance, a violation of 21 U.S.C. §§ 841 and 846; and four counts of using a communications facility to distribute a narcotic, a violation of 21 U.S.C. § 843(b). *United States v. Hayes*, No. 1:09-cr-1032, docs. 1, 193 (N.D. Ill. Jul. 19, 2013). He was then sentenced on July 19, 2013, to a 252 month term of imprisonment on the conspiracy charge and 48 months on the communications facility charges, with both terms to run concurrent to one another. *Id.* at doc. 251. Hayes appealed his conviction and sentence to the United States Court of Appeals for the Seventh Circuit, which considered

-2-

appellate counsel's *Anders* brief[1] and Hayes's response. It then denied relief and granted appellate counsel's motion to withdraw. *United States v. Bey*, 569 Fed. App'x 456 (7th Cir. 2014).[2] Hayes did not file a petition for writ of certiorari in the United States Supreme Court, and instead pursued relief through post-conviction motions in the trial court.

Hayes filed his first *pro se* motion to vacate under 28 U.S.C. § 2255 on September 3, 2013, asserting numerous grounds for relief. *United States v. Hayes-Bey*, No. 1:13-cv-6304, doc. 1 (N.D. Ill. Oct. 22, 2013). The court denied this motion without prejudice as premature, based on the appeal pending before the Seventh Circuit. *Id.* at doc. 8. Hayes then filed a second § 2255 motion on July 11, 2016, which was denied as untimely under § 2255(f). *United States v. Hayes*, No. 1:16-cv-7110 (N.D. Ill. Oct. 4, 2018). He also filed a motion for sentence reduction under 18 U.S.C. § 3582, based on subsequent amendments to the United States Sentencing Guidelines. *Hayes*, No. 1:09-cr-1032, at doc. 303. The court denied the motion on December 6, 2016. *Id.* at doc. 311.

Hayes now brings the instant petition for habeas relief under 28 U.S.C. § 2241, asserting that he is entitled to relief under § 2255's savings clause based on the Supreme Court's recent decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Mathis v. United States*, 136 S.Ct. 2243 (2016), and their impacts on sentencing enhancements he claims to have received based on prior convictions. Doc. 1, p. 6; doc. 1, att. 2.

---

[1] Under *Anders v. California*, 87 S.Ct. 1396 (1967), appellate counsel who finds no non-frivolous grounds for appeal in a criminal case after conscientious examination of the record must request permission to withdraw advising the court of this fact and must also file a brief referring to anything in the record that might arguably support the appeal.
[2] Hayes's name is provided as "Issaiah Hayes Bey" and "Issaiah Hayes-Bey" in various proceedings, thus resulting in different case names.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Hayes alleges an error at sentencing. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

In support of his right to proceed under the savings clause, Hayes relies on (1) *Descamps*, supra, which held that courts may not apply a "modified categorical approach" to sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in order to determine whether a prior offense was a violent felony, and (2) *Mathis*, which held that an Iowa burglary statute could not qualify as a crime of violence under the elements clause of § 924(e) and that the defendant's conviction under § 924(e), which relied on an Iowa burglary conviction, must be vacated. Hayes maintains that, under these cases, the trial court erroneously assigned him a criminal history category of IV under the United States Sentencing Guidelines, which exposed him to an enhanced Guideline imprisonment range and enhanced sentence under 21 U.S.C. § 851, based on prior state convictions for possession of a controlled substance. Doc. 1, att. 2.

As the Fifth Circuit has repeatedly emphasized, the savings clause only relates to "[conviction] of a nonexistent offense" – not to innocence of a sentencing enhancement. *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)). Hayes does not claim to be innocent of the federal convictions for which he is currently serving his sentence. Accordingly, he cannot satisfy the savings clause and this court is without jurisdiction to review his request for relief under § 2241. *See Jeffers*, 253 F.3d at 830–31; *Kinder*, 222 F.3d at 214. He should instead pursue relief by filing a § 2255 motion in the trial court based on a newly recognized constitutional right under § 2255(f)(3).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of December, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE